IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| LUCINDA JOY TURNER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J ASTRUE, Commissioner of Social Security,<br><br>　　　　Defendant. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:11-CV-480 TS |

　　　　Plaintiff, Lucinda Joy Tuner filed this pro se civil rights suit under 42 U.S.C. § 1983. Plaintiff was granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. This case is now before the Court for screening of Plaintiff's Complaint under 28 U.S.C. § 1915(e).

I. SCREENING STANDARD

　　　　Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed in forma pauperis if they are frivolous, malicious or fail to state a claim upon which relief may be granted. Because Plaintiff is proceeding pro se the Court must construe her pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[1] However, "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[2] While Plaintiff

---

[1] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] *Id.*

need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[3]

"Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[4]  "In determining whether a dismissal is proper, [the court] must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."[5] However, pro se litigants must still "follow the same rules of procedure that govern other litigants."[6]

## II. PLAINTIFF'S ALLEGATIONS

Plaintiff's Complaint alleges that Michael Astrue, Commissioner of Social Security, violated Plaintiff's constitutional rights, privileges, or immunities by refusing to consider both her mental and physical disabilities and by not using all information before him when denying Plaintiff's claim.[7]

---

[3] *Id.*

[4] *Curley v. Perry*, 246 F.3d 1278, 1281 (10th Cir. 2001).

[5] *Gaines*, 292 F.3d at 1224.

[6] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

[7] Docket No. 3.

III. SUFFICIENCY OF PLAINTIFF'S COMPLAINT

Plaintiff's Complaint is brought under 42 U.S.C. § 1983. However, as Plaintiff's civil rights allegations arise from the denial of social security benefits, they are governed by the Social Security Act.[8] Under the Social Security Act, "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as [provided in the act],"[9] which makes 42 U.S.C. § 405(g) "the sole means for judicial review."[10]

As a result of this provision, Plaintiff's Complaint cannot properly be brought as a § 1983 action. However, as Plaintiff is proceeding pro se, the Court will construe her Complaint as an action brought under § 405(g) and determine whether it is sufficient under that statute.

42 U.S.C. § 405(g) states:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides . . . .

This case was filed May 27, 2011. It appears from Plaintiff's Complaint that Plaintiff is attempting to appeal a decision issued February 25, 2010,[11] which would be outside the sixty-day

---

[8] *See Stewart v. Barnhart*, 94 F. App'x 477, 478 (9th Cir. 2004) (unpublished).

[9] 42 U.S.C. § 405(h); *see also Weinberger v. Salfi*, 422 U.S. 749, 757 (1975).

[10] *Stewart*, 94 F. App'x at 478; *see also Weinberger*, 422 U.S. at 757.

[11] Docket No. 3, at 6.

window allowed by § 405(g). However, it is possible that Plaintiff is actually appealing a decision that was finalized within the sixty-day window, as Plaintiff's Complaint states that she "filed a claim and 2 appeals and was denied before the court claim."[12] If in fact the February 25 date refers to the original decision, the Court's jurisdiction over this case turns on the date of the finalized agency appeal.

It is therefore

ORDERED that Plaintiff file within thirty days an amended complaint setting forth the dates of appeal and final agency action. It is further

ORDERED that Plaintiff's Motion for Service of Process (Docket No. 4) is DENIED WITHOUT PREJUDICE. The Court will determine whether service of process is appropriate after screening Plaintiff's Amended Complaint.

DATED   January 27, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[12] *Id.*